UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


EVANSTON INSURANCE COMPANY,

                Plaintiff,           CIV. S-02-1505 DFL PAN

        v.

                                   ORDER

OEA, INC. and DOES 1 through 20, inclusive,

                Defendants.

—o○o—

     This case arises from two personal injury suits against OEA by two employees of its subsidiary, OEA Aerospace.  Liability was within coverage afforded by Nutmeg and Twin City insurance companies during the period May 1, 1996, to May 1, 1998.  The Twin City policy required any claim be reported during the period of coverage to the company or its authorized agent.  The only arguable report during the relevant time was to Patricia Hollenbeck.  OEA moves for an order compelling the insurance companies to produce for inspection and copying documents about

1  their relationship with Hollenbeck.[1]

2       The following facts appear to be without dispute.  Nutmeg

3  and Twin City are both affiliates of Hartford Insurance.

4  Hollenbeck is a licensed "insurance producer."  Hartford and Twin

5  City appointed Hollenbeck their "agent" effective March 21, 1984,

6  but the purpose of that agency is unclear and in any event it

7  expired by its own terms May 31, 1995.  Hollenbeck began work in

8  Colorado for Frank B. Hall in 1989.  Frank B. Hall changed its

9  name to Rolling Hudig Hall and then to Aon Risk Services.  OEA

10 obtained liability insurance written by Nutmeg through Hall, et

11 al.  The Nutmeg insurance was renewed in 1992, 1993 and 1994 and

12 Hollenbeck probably was involved in the transactions.  But in

13 August 1994, the "producer" of the Nutmeg policy was changed to

14 another company, Johnson & Higgins, whom Hollenbeck had no

15 relationship with.  The Twin City policies were produced by

16 Johnson & Higgins.  Hollenbeck continued to be involved with

17 OEA's worker's compensation insurance coverage and knew of the

18 injured workers' compensation claims made during the policy term.

19      The known facts do not reasonably suggest that during the

20 relevant time, viz. May 1, 1996, to May 1, 1998, Hollenbeck was

21 an agent of Twin City for purposes of receiving and communicating

22 to the company notice of personal injury claims made that were

23 within the coverage of a liability policy written by a company

24 for whom she never worked.  Accordingly, the motion to compel is

25

26      [1]  As oral argument was unnecessary to resolve this motion, I vacated
    the hearing scheduled for May 18, 2005.

1   denied.

2        So ordered.

3        Dated:  May 16, 2005.

4                                    /s/ Peter A. Nowinski
                                     PETER A. NOWINSKI
5                                    Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26