TODD A. ROBERTS (SBN 129722)
DEAN A. PAPPAS (SBN 115140)
O. ANTONY ABDOLLAHI (SBN 157235)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street
Redwood City, California 94063
Telephone: (650) 364-8200
Facsimile: (650) 367-0997

DEAN B. HERMAN (SBN 76752)
MICHELMAN & ROBINSON, LLP
15760 Ventura Boulevard, Suite 500
Encino, CA 91436
Telephone: 818-783-5530
Facsimile: 818-783-5507

Attorneys for Counter-Defendants
TWIN CITY FIRE INSURANCE COMPANY and NUTMEG INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>OEA, INC. and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIMS | CASE NO. CIV 02-1505 DFL PAN<br><br>**STIPULATION AND PROTECTIVE ORDER** |

1.  OEA, Inc. ("OEA"), Nutmeg Insurance Company ("Nutmeg"), and Twin City Fire Insurance Company ("Twin City") acknowledge that some of the documents and materials to be produced in this litigation may contain or reflect confidential, proprietary and/or trade secret information and/or other privileged information. For example, NUTMEG and TWIN CITY have requested that OEA produce (a) documents and information from OEA's defense files in the underlying *Shugart* and *Wise* actions, (b) OEA's invoices for legal services in the *Shugart* and *Wise* actions, and (c) OEA's invoices for legal services in this action (in connection with OEA's claim for breach of the implied covenant of good faith and fair dealing or otherwise for *Brandt*

fees). OEA believes that the documents and information described in the preceding sentence contain and reflect attorney-client privileged information, information protected by the attorney work product doctrine, and other information reflecting OEA's litigation efforts and strategy in such actions. OEA has an especially heightened concern in that the *Shugart* action is still pending on appeal, and one of the remedies sought by OEA in the appeal of that action is a new trial. OEA is willing to produce such documents and information (subject to OEA's responses to the discovery requests) in a manner that ensures the confidentiality of such documents and information, and that does not waive any privilege or other protection beyond the actual documents or information provided to NUTMEG and TWIN CITY. This Stipulation and Protective Order ("Order") is being entered into in order to facilitate discovery and to avoid the necessity of motions and proceedings related to discovery among the parties and to protect the parties from waiver of any privileges or prejudice in this action or future litigation.

  2. Whenever a party hereto believes in good faith that the information or materials being disclosed reflect privileged, work product, proprietary and/or trade secret information, that party shall have the right to designate such information or materials as confidential either by marking the page or pages where such confidential information or material is contained "CONFIDENTIAL" prior to disclosure or by instructing the copy service to include a "CONFIDENTIAL" legend or stamp on such pages. The parties will agree to limit the use of the "CONFIDENTIAL" designation to those documents and information that in good faith are reasonably believed to contain proprietary information, trade secrets, attorney work product, privileged attorney-client communications, or personal or private information regarding an individual.

  3. Confidential information shall be used solely for the preparation and litigation of the above-captioned action, and shall not be given, shown, made available, discussed or otherwise communicated in any way except:

    A. to the attorneys for the parties in this litigation and employees of such attorneys;

RC1/371916.3/OAA   2   STIPULATION AND PROTECTIVE ORDER
CASE NO. CIV 02-1505 DFL PAN

   B. to the principals, employees, and agents of the parties (including in-house attorneys) who are involved in the preparation, litigation and/or settlement of this action and to persons or entities to whom the parties have a contractual statutory or regulatory obligation to report, as well as to court reporters and their staffs and professional photocopying vendors to whom disclosure is necessary in this action.

   C. to any person of whom testimony is taken or is to be taken in this litigation, except that such person may only be shown "CONFIDENTIAL" documents during his or her testimony (including depositions) and in preparation therefor and only to the extent necessary for such preparation of testimony;

   D. to any person who is a potential independent expert witness for the parties, but solely for the purpose of assisting in the preparation for trial or discovery, or for testifying at trial in this litigation; to this Court and any referee or special master appointed by the Court; and

   E. at trial, as otherwise admissible.

  4. The parties may further disclose "CONFIDENTIAL" information provided during the course of this litigation if the producing party expressly consents to such disclosure either in writing, on the record of any proceedings in this action, or if the Court specifically orders such disclosure.

  5. It shall be the responsibility of counsel to bring this Order to the attention of the witnesses and third parties who are identified in Paragraphs (B), (C) and (D) above to whom they propose to disclose confidential information and obtain their agreement to abide by its terms prior to disclosing any confidential information and/or the substance contained therein. Any such person to whom disclosure of "confidential" information is proposed shall agree in writing to abide by the terms of this Stipulation and Protective Order, as set forth in Exhibit A. It shall be the responsibility of counsel to obtain such consent prior to disclosing any "CONFIDENTIAL" documents and/or the substance contained therein to such person.

6. All information designated or marked "CONFIDENTIAL" which is to be filed with the Court shall be filed with a motion to seal (DFL), unless otherwise agreed in writing.

7. If any "CONFIDENTIAL" materials are used herein in any proceeding prior to the trial of this Action, they shall not lose their confidential status through such use. The production of (a) documents and information from OEA's defense files in the underlying *Shugart* and *Wise* actions, (b) OEA's invoices for legal services in the *Shugart* and *Wise* actions, and (c) OEA's invoices for legal services in this action shall not in any way waive any confidentiality, privilege, or other protection beyond the actual documents or information provided to NUTMEG and TWIN CITY, whether as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The inadvertent or unintentional disclosure by the producing party of confidential information, including by way of document production or disposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, whether as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any such inadvertently or unintentionally disclosed confidential information shall be treated as confidential information.

8. When "CONFIDENTIAL" information is incorporated in a transcript of a deposition, hearing or other proceeding, counsel designating the information as "CONFIDENTIAL" shall have fourteen (14) days after receipt of such transcript to designate, in writing, the pages thereof to be treated as "CONFIDENTIAL" in accordance with the terms of this Order. Until such 14-day period has expired, the entire deposition transcript shall be treated as "CONFIDENTIAL." Failure to designate the transcript in compliance with this Paragraph 8 shall be deemed a waiver of this Order for purposes of this Paragraph 8.

9. In the event a party believes that material designated "CONFIDENTIAL" does not contain "CONFIDENTIAL" information, that party may move the trial court for an order contesting the designation of the documents or information as "CONFIDENTIAL." The burden of proving at the hearing that the documents or information which is protected by this Order shall remain with the party claiming and asserting the privilege. The documents shall retain confidential

status at least until the Court has ruled upon the motion.

10.   Upon conclusion of the above-captioned action, including any appeals, all materials constituting or containing confidential information shall be returned to the producing party or destroyed, at the recipient's option. In the event of destruction, the recipient shall certify to the producing party that all confidential information has been destroyed, except that recipients' counsel shall be permitted to retain copies of documents and work product necessary for maintenance of a permanent file. In the event the recipient chooses to return the information to the producing party, it shall make such information available to the producing party at the location(s) where the information is then located. Insofar as the provisions of this Order restrict the communication and use of any confidential information, this Order will continue to be binding after the conclusion of the litigation, and disclosure can be made only with the express, written permission of the producing party, or as otherwise determined by this Court.

11.   Nothing in this Order shall be deemed to be or construed as an admission that any confidential information is relevant or otherwise admissible in evidence. The parties expressly reserve all objections as to the admissibility of confidential information at trial. Nothing in this Order shall abrogate or diminish any contractual, statutory, or other legal obligation or right with respect to any confidential information produced in this action. This Order shall survive the termination of this litigation.

12.   This Order may be entered without further notice. The Order shall be retroactive to the date the Order is signed by both counsel.

IT IS SO STIPULATED.

Dated: June ___, 2005                        THELEN REID & PRIEST LLP

_____
Lonnie E. Woolverton
James J. Moak
Daven Lowhurst
Attorneys for OEA, Inc.

1  Dated: June ___, 2005                                    ROPERS, MAJESKI, KOHN & BENTLEY

3                                                           _____
                                                            Todd A. Roberts
4                                                           Dean A. Pappas
                                                            Attorneys for Nutmeg Insurance Company
5                                                           and Twin City Fire Insurance Company

6          IT IS SO ORDERED as amended at page 4, line 2.

8  Dated: 22 June 2005                                      _____/s/ David F. Levi_____
                                                            The Honorable David F. Levi
9                                                           United States District Court Judge

RC1/371916.3/OAA                          6    STIPULATION AND PROTECTIVE ORDER
                                               CASE NO. CIV 02-1505 DFL PAN