IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVANSTON INSURANCE COMPANY,

       Plaintiff,

       vs.

OEA, INC. and DOES 1 through 20, inclusive,

       Defendants.

No. CIV S-02-1505 DFL PAN

ORDER

AND RELATED CROSS-CLAIMS.

Defendant OEA's motion for issuance of letters rogatory to take the deposition of Dudley Phillips was filed January 20, 2006. Consideration of the motion was deferred, and on June 12, 2006, a telephonic status conference was held. John L. Viola appeared for defendant and counterclaimant OEA. Andrew T. Houghton appeared for counter-defendant Certain Underwriters at Lloyd's of London ("the Underwriters"). Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

       OEA was sued in California state court by Karen Wise and Patricia Shubart, two employees of OEA Aerospace, Inc., a wholly-owned subsidiary of OEA, for injuries sustained in two unrelated accidents, while in the course and scope of their employment. Both were badly

1

1  injured.  Wise lost her thumb and portions of the fingers of her right hand, among other injuries.
2  Shugart lost the sight in one eye, among other injuries.  OEA tendered the claim to the
3  Underwriters, as well as other insurance companies that had issued policies to OEA, for defense
4  and indemnity.
5         The Underwriters denied the claim and OEA filed claims against the Underwriters
6  for breach of contract and breach of the covenant of good faith and fair dealing.
7         The Underwriters have identified Dudley Phillips as an individual who was privy
8  to events that related directly to Underwriters' denial of OEA's claim and who made the decision
9  to by the Underwriters to deny OEA's claim.  OEA seeks to elicit such information through
10 questioning at the deposition of Mr. Phillips.  Mr. Phillips resides at Flat 68, Thomas Moore
11 House, London EC2Y 8BT (Telephone Number 0044 207 588 0418).
12        The courts have inherent authority to issue letters rogatory.  See United States v.
13 Reagan, 453 F.2d 165, 172 (6th Cir. 1971),[1] cert. denied, 406 U.S. 946 (1972); United States v.
14 Staples, 256 F.2d 290, 292 (9th Cir. 1958).
15        Rule 28(b) of the Federal Rules of Civil Procedure provides that a deposition may
16 be taken in a foreign country (1) pursuant to any applicable treaty of convention, or (2) pursuant
17 to a letter of request (whether or not captioned a letter rogatory), or (3) on notice before a person
18 authorized to administer oaths in the place where the examination is held, either by the law
19 thereof or by the law of the United States, or (4) before a person commissioned by the court, and
20 a person so commissioned shall have the power by virtue of the commission to administer any
21 necessary oath and take testimony.  The Rule continues, "It is not requisite to the issuance of a
22 commission or a letter of request [aka letter rogatory][2] that the taking of the deposition in any

---

[1] Title "28 U.S.C. § 1781 recognizes, impliedly at least, the power of federal courts to transmit letters rogatory to foreign tribunals." United States v. Reagan, 453 F.2d at 172.

[2] In 1993, the term "letter of request" was substituted for the term "letter rogatory" "because it is the primary method provided by the Hague Convention." Federal Rules of Civil Procedure, Rule 28(b), Advisory Committee Notes re 1993 Amendment.

other manner is impracticable or inconvenient; and both a commission and a letter of request may be issued in proper cases."  This latter language was inserted by amendment in 1963, prior to which the notice procedure had been preferred and some courts had been unwilling to issue commissions or letters rogatory unless it was impossible or impractical to obtain the testimony in any other way.  Zassenhaus v. Evening Star Newspaper Co., 404 F.2d 1361, 1363 (D.C. Cir. 1968), citing 4 Moore, Federal Practice, pp. 28.03 at 1922, 28.06 at 1935-37 (1940)(2d ed. 1967).  As stated in the Advisory Committee Notes, the amendment was designed to "overcome this judicial antipathy and to permit a sound choice between depositions under a letter rogatory and on notice or by commission in light of all the circumstances."  Federal Rules of Civil Procedure, Rule 28(b), Advisory Committee Notes re 1963 Amendment.

Courts have held that the 1963 amendment to Rule 28(b)(3) indicates that "the discretion trial courts formerly had in deciding whether to issue a commission or letters rogatory has been circumscribed."  In re Bankers Trust Company v. Bethlehem Steel Corporation, 752 F.2d 874, 890 (3d Cir. 1984).  Under the new rule, some courts have gone so far as to hold that the party opposing issuance of a letter rogatory must establish good cause for denial.  Id., citing Zassenhaus, 404 F.2d at 1364.  Other courts, while rejecting imposition of a "good cause" standard, have nonetheless required a district court denying issuance of a letter rogatory to show some reason for its decision.  See In re Bankers Trust, 752 F.2d at 890.

Being aware of no Ninth Circuit precedent on the question, this court will apply the rule that letters of rogatory shall issue unless good cause is shown otherwise.  Zassenhaus, 404 F.2d at 1364; see also Wright, Miller & Marcus, Federal Practice & Procedure (1994), § 2083 ("There are still cases in which it may be proper to refuse the issuance of a commission or letters rogatory, but there must be some good reason to deny a party the particular type of judicial assistance it seeks.")  Nonetheless, Rule 28(b) must be read together with Rule 26(c), Federal Rules of Civil Procedure, which permits a court to make any order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

expense." Rule 26(c), Federal Rules of Civil Procedure; see also B & L Drilling Electronics, 87 F.R.D. 543, 545 (W.D. Ok. 1978)(granting request for letter rogatory with caveat that discovery proceed under Rule 31 by way of depositions on written questions, in view of burden and expense involved in taking oral depositions in Alberta, Canada); see also DBMS Consultants Limited v. Computer Associates International, 131 F.R.D. 367, 369 (D. Mass. 1990)(granting letter rogatory limited to Rule 31 deposition on written questions, without prejudice to renewed request to take deposition in Australia if the less expensive and less burdensome deposition method proved inadequate).

William V. Vessey testified at his deposition that he and Dudley Phillips worked closely with Condon & Forsyth, specifically with Andrew Houghton, to evaluate OEA's claim. (Vessey Dep. at 64.)  Vessey further stated that he and Phillips relied on the investigations and conclusions of Houghton and that neither he nor Phillips played a direct role in the claim investigation.  (Vessey Dep. at 65-66, 71-72.)  As noted by Judge McMahon, however, this contradicts the Underwriters' assertion, through counsel, "that Houghton did not make the decision to deny the claim." Evanston Insurance Company v. OEA, Inc., et al., Misc. M8-85, at 10 (S.D. N.Y. 2006).[3]  Phillips' role here is critical; his deposition is relevant and necessary to the prosecution of this action.

Accordingly, defendant OEA's motion for issuance of letters rogatory to take the deposition of Dudley Phillips will be granted.

Under the terms of the Hague Convention, 28 U.S.C. § 1781, depositions are conducted by a letter of request where the evidence to be addressed at such deposition is intended for use in a judicial proceeding.  Both the United States and Great Britain are signatories to the Hague Convention.  Letters of request under the Hague Convention must specify (a) the authority requesting its execution and the authority requested to execute it; (b) the names and addresses of

---

[3] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

the persons, the proceedings and the representatives, if any; (c) the nature of the proceedings in which the evidence is required, giving only necessary information in regard thereto; (d) the evidence to be obtained or the judicial act to be performed.  Where appropriate, the letter must also specify among other things, (e) the names and addresses of the person to be examined; and, (f) the questions to be put to the person to be examined or a statement of the subject matter about which they are to be examined.  Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Convention), Article 3.

In light of the above, the court will issue herewith a letter of request under the Hague Convention.

IT IS HEREBY ORDERED that:

1. Defendant OEA's January 20, 2006 motion for issuance of letters rogatory to take the deposition of Dudley Phillips is granted;

2. A Letter of Request under the Hague Convention will issue herewith; and

3. The Clerk of the Court shall affix its official seal to the Letter of Request and shall send the original, sealed, Letter of Request, by international registered mail, to the Senior Master of the Supreme Court, Queen's Bench Division, Royal Courts of Justice, Strand London WC2A 2LL, England, U.K.

DATED: June 13, 2006.

UNITED STATES MAGISTRATE JUDGE

/001;evanston.rogatory